UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

DANIELLE SMITH,

                           Plaintiff,

       - vs -                                       6:05-CV-1148

BERNADETTE ROMANO, Individually and as
a Judge for the Oneida County Family Court
in Oneida County in the State of New York,

                           Defendant.

-----------------------------------------------------------------

APPEARANCES:

DANIELLE SMITH
Plaintiff, *pro se*
Utica, NY 13501

DAVID N. HURD
United States District Judge

### DECISION and ORDER

The Clerk has forwarded to the Court for review a complaint filed by Danielle Smith ("plaintiff" or "Smith"). For the reasons stated below, plaintiff's complaint must be dismissed.

A. **Background**.

In her complaint, plaintiff seeks an order from this Court granting her relief from a September 13, 2002 order of Judge Romano, an Oneida County Family Court Judge, which granted custody of plaintiff's minor child to the child's father. Plaintiff asserts, as a basis for this relief, that her Constitutional rights were violated by the Oneida County Family Court during the state court custody proceedings. More specifically, plaintiff claims she was not permitted a full and fair opportunity to appear and present testimony and evidence. Thus, plaintiff asks this Court to reverse or vacate the custody order.

B. <u>Jurisdiction</u>.[1]

This Court acknowledges that the relationship between a parent and his or her child is constitutionally protected. However, the United States Supreme Court "circumscribed the jurisdiction of federal courts as regards domestic relations when it held that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Neustein v. Orbach*, 732 F. Supp 333, 339 (E.D.N.Y. 1990) *citing Ex parte Burrus*, 136 U.S. 586, 594 (1890). In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) the Supreme Court reaffirmed the domestic relations exception to federal jurisdiction, holding that this exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Id.* at 703.

"Federal courts do have jurisdiction to decide tort, contract or civil rights questions in cases arising out of a domestic relations context when the underlying domestic relations issues are not in dispute." *McArthur v. Bell*, 788 F.Supp. 706, 708 (1992). "If, however, in resolving the issues presented, the federal court becomes embroiled in the factual disputes concerning custody and visitation matters, the action must be dismissed." *Neustein*, supra at 339, *citing Brenhouse v. Bloch*, 418 F. Supp 412, 415-416 (S.D.N.Y. 1976).

In *Neustein*, supra, plaintiff alleged that she was denied her rights to confront witnesses during a custody hearing, and brought an action pursuant to 42 U.S.C. §1983 to overturn the custody decision. The *Neustein* Court found that, to address plaintiff's

---

[1] This Court is aware of its independent obligation to examine jurisdiction to hear and determine a matter, and may do so at any stage of the proceeding. *See Federal Deposit Ins. Corp. v. Four Star Holding Co.*, 178 F.3d 97, 100, n.2 (2d Cir. 1999); FED R. CIV P. 12(h).

2

claims, the court would "ineluctably be drawn into a custody dispute ..." *Id.* at 340. As in *Neustein*, the plaintiff herein expressly seeks this Court to grant her relief from the custody order entered by Judge Romano after a series of state court proceedings. To hear and decide the issues presented in Smith's complaint, this Court would be required to review all of the proceedings and rulings in the state court. However, that is the role of the state appellate courts, not the federal courts. Accordingly, this Court lacks subject matter jurisdiction over this controversy, and this action must be dismissed.

## C. IMMUNITY

The Court also notes that plaintiff names, as the sole defendant in this action, Judge Romano. Further, the Court notes that the actions complained of, and the actions plaintiff asks this Court to review and reverse, are all actions taken by Judge Romano in her official judicial capacity.

However, the law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted). Thus, as long as Judge Romano had jurisdiction over the subject matter before her, she is immune from any liability. under 42 U.S.C. §1983 and §1985.[2] This immunity "is not

---

[2] "The Supreme Court has established a two-prong test to determine whether an act is 'judicial.' First, the [c]ourt must consider whether the function is normally performed by a judge ... Second, the court must assess whether the parties dealt with the judge in his or her judicial capacity." *Huminski*, supra at 75, citing *Barrett v. Harrington*, 130 F.3d 246,

3

overcome by allegations of bad faith or malice ..." See, Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005), citing Mireles v. Waco, 502 U.S. 9, 11 (1991). Accordingly, plaintiff has failed to state a viable claim against the only defendant named herein.

Accordingly, for all of the foregoing reasons, this action must be dismissed.

WHEREFORE, it is hereby

ORDERED, that plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted by this Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on Smith and the Office of the County Attorney for the County of Oneida by regular mail.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 27, 2005
       Utica, New York.

---

255 (6th Cir. 1997). There are no allegations in the pleading before this Court that would cause this Court to question or doubt that the alleged actions by Judge Roman were, in fact, judicial acts.

4